UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>THE GOOD GUYS PROVISION CO. INC.,<br><br>Debtors. | CHAPTER 7<br><br>CASE NO. 24-12269-CJP |
| DONALD R. LASSMAN, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF THE GOOD GUYS PROVISION CO. INC.,<br><br>Plaintiff,<br><br>v.<br><br>REDDY RAW, INC.,<br><br>Defendant. | ADV. PROC. NO. ____________ |

**ADVERSARY COMPLAINT**

**PARTIES**

1. Donald R. Lassman (the “Trustee”) is the Chapter 7 Trustee of the bankruptcy estate of The Good Guys Provision Co. Inc. (the “Debtor”), and maintains the right to bring and prosecute all actions against the Defendant pursuant to §§ 547 and 550 of the United States Bankruptcy Code.

2. The Defendant, Reddy Raw, Inc. (the “Defendant”), upon information and belief is a New York corporation with its principal place of business located at 1 Ethel Boulevard, Wood-Ridge, NJ 07075.

## JURISDICTION AND VENUE

3. The Trustee brings this adversary proceeding pursuant to §§ 547 and 550 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b)(1) and 1334(b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

5. Venue is this District is proper pursuant to 28 U.S.C. § 1409(a) because this proceeding arises under Title 11.

## GENERAL ALLEGATIONS

6. On November 14, 2024 (the "Petition Date"), an involuntary petition pursuant to Chapter 7 of the Bankruptcy Code was filed against the Debtor.

7. On February 28, 2025, the United States Bankruptcy Court for the District of Massachusetts entered an Order for Relief.

8. On February 28, 2025, the Trustee was appointed as the Chapter 7 Trustee of the bankruptcy estate of the Debtor.

9. The Debtor's financial records indicate that within ninety (90) days before the Petition Date (the "Preference Period"), the Debtor made the following payments to the Defendant totaling $223,207.39 (the "Preference Payments"):

| Transfer Date | Check No./Wire | Amount |
|---|---|---|
| 8/27/2024 | 12236 | $17,009.34 |
| 8/28/2024 | 25589 | $19,070.35 |
| 9/4/2024 | 25599 | $26,379.56 |

| | | |
|---|---|---|
| 9/11/2024 | 25609 | $20,998.07 |
| 9/18/2024 | 25619 | $19,225.26 |
| 9/24/2024 | 25628 | $28,035.59 |
| 10/2/2024 | 25643 | $25,037.92 |
| 10/10/2024 | 25652 | $24,586.46 |
| 10/17/2024 | 25666 | $20,283.22 |
| 10/24/2024 | 25675 | $22,581.62 |
| | **TOTAL:** | **$223,207.39** |

10. On October 14, 2025, the Trustee sent a demand (the "Demand Letter") to the Defendant requesting the Preference Payments either be returned, or in the alternative, that the Defendant advise the Trustee of any defenses it claimed.

11. The Defendant failed to respond to the Demand Letter.

12. The Trustee conducted a new value analysis based on the proof of claim filed by the Defendant and the new value provided by the Defendant to the Debtor reduces the Trustee's claim to $93,227.54

13. Based on the Trustee's review of proofs of claim filed against the Debtor's estate, the Debtor's books and records, and other documents and information available to the Trustee and his accountants, the Trustee believes that the Defendant has only partial defenses to recovery of the Preference Payments by the Trustee. Specifically, the Trustee believes that any new value provided by the Defendant to the Debtor only limits the Defendant's exposure and does not provide a total defense to the avoidance and recovery of the Preference Payments.

## COUNT I

**(Avoidance and Recovery of the Preference Payments)**

14. The Trustee incorporates by reference each and every allegation set forth above as if fully recited herein.

15. The Trustee has conducted reasonable due diligence concerning the avoidance and recovery of the Preference Payments from the Defendant.

16. The Preference Payments constitute a transfer of an interest of the Debtor in property.

17. The Preference Payments were made to or for the benefit of the Defendant.

18. The Preference Payments were made for or on account of an antecedent debt owed by the Debtor to the Defendant before such payment was made.

19. The Preference Payments were made within ninety (90) days before the Petition Date.

20. The Preference Payments were made while the Debtor was insolvent.

21. The Preference Payments enabled the Defendant to receive more than it would have received in a case under Chapter 7 of the Bankruptcy Code if the Preference Payments had not been made, and the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

22. The Defendant was the initial transferee of the Preference Payments and the entity for whose benefit the Preference Payments were made.

23. The Preference Payments constitute a preferential transfer of property within the meaning of 11 U.S.C. § 547(b).

WHEREFORE, the Trustee respectfully requests that this Court enter judgment against the Defendant:

a. Avoiding the Preference Payments as a preferential transfer under § 547(b) of the Bankruptcy Code;

b. Awarding the Trustee judgment against the Defendant, under § 550 of the Bankruptcy Code, in the amount of $93,227.54, plus statutory interest thereon;

c. Awarding the Trustee his costs and expenses incurred in prosecuting this adversary proceeding, including without limitation, reasonable attorneys' fees and costs; and

d. Granting the Trustee such other and further relief as the Court deems just and proper.

Respectfully Submitted,

DONALD R. LASSMAN, TRUSTEE OF THE BANKRUPTCY ESTATE OF THE GOOD GUYS PROVISION, CO. INC.,

By his attorneys,

*/s/ Josephine E. Ban*

Josephine E. Ban, Esq. BBO #717269
Jonathan M. Horne, Esq. BBO #673098
Harris Beach Murtha Cullina PLLC
33 Arch Street, 12th Floor
Boston, MA 02110
617-457-4000 Telephone
617-482-3868 Facsimile
jban@harrisbeachmurtha.com
jhorne@harrisbeachmurtha.com

Date: August 20, 2026